**People of the State of Illinois, Plaintiff-Appellee, v. Paul Arnold, Defendant-Appellant.**

**Gen. No. 51,100.**

First District, First Division.

November 27, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Chester P. Majewski, Marshall J. Hartman, and Jerome Wexler, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for murder. In a bench trial, jury having been waived, he was found guilty and sentenced to not less than 14, nor more than 20 years in the Illinois State Penitentiary. He prosecutes this appeal contending that the State failed to prove the corpus delicti; that the evidence shows justifiable homicide; and that incompetent evidence was introduced.

The evidence showed that defendant's "common law" wife, Juanita Arnold, was a prostitute. Rodolfo Silva came to her basement apartment for the purpose of engaging in sexual intercourse. Silva had a drink with her and then started to undress. Upon being reminded that he had not given her any money, Silva threw Juanita Arnold on the bed and grabbed her by the throat. She screamed and defendant rushed into the room and a fight ensued. Juanita Arnold testified that Silva had a knife and that Silva and defendant were grappling for it. She further testified that, by prearranged plan, defendant was always close by when she engaged in acts of prostitution, to prevent any trouble with her patrons.

A resident of the building, William Davis, was summoned to the basement by Juanita Arnold. He observed defendant and Silva scuttling and fighting. Davis screamed at both of them to break it up and defendant ran upstairs and Silva ran out the door. Silva's stomach was bleeding and his clothes were smeared with blood. Davis did not know who had the knife.

Eight hours after the above described events took place, Silva was being operated on in Cook County Hospital. He had a laceration on the right upper forehead and stab wounds on the abdomen. The abdominal wound was being surgically closed when Silva suffered a "cardiac arrest" and died. The doctor who performed the post mortem examination concluded that a condition precedent

to the cardiac arrest was the stab wound in the abdomen. A toxicologist concluded that Silva had been under the influence of alcohol at the time of his death.

The testimony upon which the trial judge heavily relied was that of Jack Brent. Brent had been a customer of Juanita Arnold on the previous evening. When Brent had refused to pay more than the agreed price, defendant burst into the room and struck Brent with a lead pipe and stabbed him with a knife. Brent had so testified in another case against Paul and Juanita Arnold and they were convicted of aggravated battery and armed robbery. That conviction was affirmed on appeal by this court, the opinion appearing at 84 Ill App2d 81, 228 NE2d 130 (1967).

■ ■ The defendant's first point is that the State failed to prove the corpus delicti in that there was no proof of causal connection between the altercation and the ensuing death of Silva. The evidence shows that Silva suffered lacerations in both the head and the abdomen from his fight with the defendant. During surgical treatment of these wounds, Silva died. The medical expert stated that the wounds were a condition precedent to the cardiac arrest which caused his death. The eight-hour lapse of time does not relieve the defendant from the consequences of his act. One who inflicts an injury on another is guilty of homicide where the injury causes death mediately or immediately. Wharton, Criminal Law & Procedure, § 197. The medical evidence established the connection between the injury and Silva's subsequent death. Consequently, the corpus delicti was proved.

Defendant next contends that the evidence established that his acts were justified in that he went to the assistance of his wife and was attacked by Silva. In connection with this argument, we must also deal with the defendant's third contention that the testimony of Jack

187

Brent was inadmissible. Defendant relies on People v. Cage, 34 Ill2d 530, 216 NE2d 805 (1966), to support this argument. Cage was convicted of the murder of a candy store proprietor. He was granted a new trial because witnesses were permitted to testify that Cage had been in their stores near closing time. The State claimed this showed a common design to rob stores. The Supreme Court rejected this because the witnesses "say nothing about customers or closing times other than fixing the appearances of Cage and others at *late afternoon hours as contrasted with the 1:00 a. m. hour of the candy store robbery and murder.*" (P 534.)

There is, however, another quote from Cage which is more pertinent:

"The general rule, of course, is that evidence of commission of other crimes by an accused, in addition to that for which he is on trial, is inadmissible unless its relevancy in . . . tending to prove design, motive or knowledge is so closely connected with the main issue as to justify admission." (P 533.)

In the instant cause, Jack Brent was with Juanita Arnold the prior evening. When he refused to pay more money, defendant came into the room, beat him with a pipe and stabbed him. The following evening, Silva was also asked for money. When he refused, defendant appeared and a fight ensued during which Silva suffered several lacerations which subsequently caused his death. The similarity of the facts, the probative value of Brent's testimony as to who commenced the attack against Silva, and its tendency to show the design and motive of defendant justifies admission of such testimony in this cause. The effect of Brent's testimony dissolves the defense of justifiable homicide and the trial judge was not in error in finding the defendant guilty of murder.

188

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.